Ian P. Fellerman (SBN 119725)
Email: ifellerman@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:  510.763.2000
Facsimile:   510.273.8832

Attorneys for Defendant
PODS, Inc.

ORIGINAL FILED
E-filing
MAY - 2 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADR
JL

ISAAC TANNER,

    Plaintiff,

vs.

PODS, INC., a corporation; and DOES 1-5,

    Defendants.

Case No. C07-02392

**NOTICE OF REMOVAL OF CASE TO FEDERAL COURT**

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant PODS, Inc. hereby removes to this Court the state court action described below:

1.    On or about January 29, 2007, an action was filed against Defendant PODS, Inc. in the Superior Court of the State of California in and for the County of Alameda, entitled *Isaac Tanner v. PODS, Inc.,* [and] *DOES 1 through 5,* Case No. RG 07308529. A copy of the Complaint is attached hereto as Exhibit A.

////
////
////

2. The first date upon which Defendant PODS, Inc. was served with a copy of the Summons and Complaint was April 11, 2007. A copy of the Summons is attached hereto as Exhibit B.

3. On April 24, 2007, PODS, Inc. filed an Answer (general denial and affirmative defenses) to the allegations in the Complaint, a copy of which is attached hereto as Exhibit C. No further process, pleadings, or orders have been served on Defendant. Fewer than thirty (30) days has elapsed since this action became removable to this Court. 28 U.S.C. § 1446(b).

4. This is a civil action of which this Court has original jurisdiction over the claim against Defendant PODS, Inc. under 28 U.S.C. § 1332 (diversity jurisdiction), and is one which may be removed to this Court by Defendant PODS, Inc. pursuant to the provisions of 28 U.S.C. § 1441(b) since it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs of suit. In addition to seeking general and special damages up to $74,000, Plaintiff is also seeking an injunction to reinstate his employment, together with recovery of attorneys' fees pursuant to California's Fair Employment and Housing Act ("FEHA"). Under FEHA, attorneys' fees are not part of the costs of suit, so fees need to be included in determining the amount in controversy. If Plaintiff obtains reinstatement, the cost to Defendant would be at least $25,000 annually since Plaintiff was earning $12.73 per hour plus benefits, and this cost must be included in determining the amount in controversy. In addition, Plaintiff is seeking recovery of damages for "mental suffering" (i.e. emotional distress), which must be included in determining the amount in controversy. Finally, Plaintiff can seek recovery of punitive damages under FEHA.

5. Defendant is informed and believes that Plaintiff Isaac Tanner ("Plaintiff") was, and still is, a citizen of the State of California. Defendant PODS, Inc. was, at the time of the filing of this action, and still is, incorporated under the laws of the State of Florida, and has its principal

1  place of business in the State of Florida. Defendant PODS, Inc. is the only defendant that has
2  been served a Summons and Complaint in this action.

4  6.  A copy of the Notice to Plaintiff of Removal to Federal Court that will be filed with
5  the Superior Court of California in and for the County of Alameda is attached hereto as Exhibit D.

7  7.  This action should be assigned to either the San Francisco or Oakland division
8  since the action arose in the County of Alameda.

10  WHEREFORE, Defendant PODS, Inc. removes the subject action from the Superior Court
11  of the State of California, County of Alameda, to this United States District Court.

### CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: May 2, 2007

REED SMITH LLP

By _____
Ian P. Fellerman
Attorneys for Defendant
PODS, Inc.

# EXHIBIT A

ENDORSED
FILED
ALAMEDA COUNTY

2007 JAN 29 PM 12: 40

CLERK OF THE SUPERIOR COURT
BY ALPHONSINE OATES

M. VAN SMITH
State Bar No. 32007
1696 Mendenhall Drive
San Jose, California 95130
Telephone (408) 364-1062

Attorney for Plaintiff
ISAAC TANNER

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

ISAAC TANNER,
                Plaintiff,
vs.

PODS, INC. a corporation,
DOES ONE through FIVE,
                Defendants.

No. RG07308529

COMPLAINT:
1. Race Discrimination
2. Race Discrimination Retaliation

JURY TRIAL REQUESTED

Plaintiff alleges:

FIRST CAUSE OF ACTION

RACE DISCRIMINATION

1. At all times herein mentioned defendant PODS, Inc. ("PODS") was a corporation, doing business in the County of Alameda.

2. Plaintiff was employed by PODS in the County of Alameda.

3. The records relating to the wrong alleged herein were kept in the County of Alameda.

4. The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as Does One through Five are unknown to plaintiff, who therefore sues said defendants by such fictitious names, and plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained.

1

FEHA COMPLAINT FOR DAMAGES

1  Plaintiff is informed and believes and thereon alleges that each of the defendants
2  designated herein as Does retaliated against Plaintiff for having complained of racial
3  discrimination and for having complaint of illegal conduct.
4     5.  Plaintiff is an African-American.
5     6.  Plaintiff was employed as a delivery driver for portable storage units that PODS
6  rented to customers.
7     7.  In February 2006, Brian Burks stated to Plaintiff, "It's hard being a black in
8  2006, maybe you should consider resigning." He also stated, "I can imagine you've had
9  a very rough life."
10    8.  The warehouse of PODS was in Hayward, California. On Saturday, September
11 16, 2006, Plaintiff was given dispatched to deliver a storage unit in Half Moon Bay,
12 California, between 9:00 a.m. and 12:00 p.m. Unknown to Plaintiff the office had changed
13 the time of delivery between to between 9:00 a.m. and 12:00 p.m. Plaintiff delivered the
14 unit to the wrong address based on the paper work that had been provided to him by
15 PODS. After Plaintiff returned to the warehouse, the customer called and stated that the
16 unit had not been delivered. Plaintiff drove back to Half Moon Bay and delivered the unit.
17 The customer was angry and told Plaintiff sarcastically that he must have enjoyed driving
18 over the bridge two times across the dangerous stretch of highway. Plaintiff told the
19 customer that she did not need to be sarcastic, whereupon the customer became angry.
20 Plaintiff attempted to show the customer how to use the unit, but the customer ordered
21 Plaintiff to leave the property. PODS used this incident as a pretext to conceal its
22 motivation for terminating Plaintiff. The motivation of PODS in terminating the employment
23 of Plaintiff was the race of Plaintiff.
24    9.  PODS terminated the employment of Plaintiff on September 18, 2006.
25    10. The termination of the employment of Plaintiff caused Plaintiff general and
26 special damages according to proof and mental suffering.
27    11. Plaintiff filed a complaint of discrimination with the Department of Fair
28 Employment and Housing and received a right-to-sue letter.

2

FEHA COMPLAINT FOR DAMAGES

WHEREFORE, Plaintiff prays for general and special damages not to exceed $74,000, exclusive of interest and costs, for attorney's fees as costs, for an injunction to reinstate employment, for costs of suit, for prejudgment interest, and for such other relief as the court deems proper.

## RETALIATION

12. Plaintiff complained about what appeared to be racial discrimination.

13. Defendants retaliation against Plaintiff for having complained of racial discrimination.

WHEREFORE, Plaintiff prays for judgment as alleged above.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

Dated: January 25, 2007.

*/s/ M. Van Smith*

M. VAN SMITH
Attorney for Plaintiff

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** PODS, INC., a corporation,
*(AVISO AL DEMANDADO):*

DOES ONE through FIVE

**YOU ARE BEING SUED BY PLAINTIFF:** ISAAC TANNER
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

2007 JAN 29 PM 12:41

CLERK OF THE SUPERIOR COURT
BY ALPHONSINE OATES

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is: SUPERIOR COURT, COUNTY OF ALAMEDA
*(El nombre y dirección de la corte es):* 1225 Fallon Street, Oakland, Cal. 94612

**CASE NUMBER:** *(Número del Caso):* **RG07308529**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
M. VAN SMITH, 1696 Mendenhall Dr., San Jose, Cal. 95130; 408-364-1062.

DATE: JAN 29 2007   PAT S. SWEETEN   Clerk, by _____ Oates _____, Deputy
*(Fecha)*                              *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: PODS, INC.
    under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

EXHIBIT C

Ian P. Fellerman (SBN 119725)
Email: ifellerman@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:   510.763.2000
Facsimile:    510.273.8832

Attorneys for Defendant
PODS, Inc.

ENDORSED
FILED
ALAMEDA COUNTY

APR 24 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

TANNER, ISAAC,

    Plaintiff,

vs.

PODS, INC., and DOES 1-5,

    Defendants.

Case No. RG 07308529

**ANSWER TO COMPLAINT**

Defendant PODS, Inc. ("Defendant") hereby submits this Answer to Plaintiff's unverified Complaint (the "Complaint").

1.    Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation of the unverified Complaint, and further specifically denies that Plaintiff has been damaged in any amount.

# AFFIRMATIVE DEFENSES

2. As a separate affirmative defense to each cause of action, Defendant's actions were supported by legitimate, nondiscriminatory and non-retaliatory reasons.

3. As a separate affirmative defense to each cause of action, Plaintiff failed to mitigate his alleged damages.

4. As a separate affirmative defense to each cause of action, Plaintiff's claims fail to state facts sufficient to state a cause of action or claim for relief.

5. As a separate affirmative defense to each cause of action, Plaintiff is estopped from recovering against Defendant.

6. As a separate affirmative defense to each cause of action, Plaintiff has waived any right to recover against Defendant.

7. As a separate affirmative defense to each cause of action, Plaintiff's claims are barred under the doctrine of unclean hands.

8. As a separate affirmative defense to each cause of action, Defendant would have taken the same employment actions regardless of any alleged discriminatory or retaliatory motive, which motive is denied.

9. As a separate affirmative defense to each cause of action, Plaintiff's claims are barred and/or Plaintiff's remedies are limited under the after-acquired evidence doctrine.

////
////

10. As a separate affirmative defense to each cause of action, Plaintiff failed to timely and properly exhaust the required administrative remedies with the Department of Fair Employment and Housing.

11. As a separate affirmative defense to each cause of action, Plaintiff's claims are barred by the applicable statute of limitations, including Government Code §§ 12960 and 12965.

12. As a separate affirmative defense to each cause of action, Plaintiff is barred from recovery under the avoidable consequences doctrine. Defendant made reasonable efforts to prevent discrimination, and Plaintiff failed to avail himself of the available procedures.

13. As a separate affirmative defense to each cause of action, Plaintiff consented to Defendant's conduct.

14. As a separate affirmative defense to each cause of action, Defendant's actions were privileged and justified.

WHEREFORE, Defendant requests that the Court enter judgment in its favor, together with recovery of costs, reasonable attorneys' fees, and such other relief as the Court deems proper.

DATED: April 23, 2007

REED SMITH LLP

By _____
Ian P. Fellerman
Attorneys for Defendant
PODS, Inc.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612-3572. On April 24, 2007, I served the following document(s) by the method indicated below:

## ANSWER TO COMPLAINT

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California, addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

M. Van Smith
1696 Mendenhall Drive
San Jose, CA 95130
(408) 364-1062 (T)
(408) 273-6496 (F)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 24, 2007, at Oakland, California.

Kathy Jenkins

# EXHIBIT D

```
1  Ian P. Fellerman (SBN 119725)
   Email: ifellerman@reedsmith.com
2  REED SMITH LLP
   1999 Harrison Street, Suite 2400
3  Oakland, CA 94612-3572

4  Mailing Address:
   P.O. Box 2084
5  Oakland, CA 94604-2084

6  Telephone:   510.763.2000
   Facsimile:   510.273.8832
7
   Attorneys for Defendant
8  PODS, Inc.
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| ISAAC TANNER, | Case No. RG 07308529 |
|---|---|
| Plaintiff, | **NOTICE TO PLAINTIFF OF REMOVAL TO FEDERAL COURT** |
| vs. | |
| PODS, INC., and DOES 1-5, | |
| Defendants. | |

TO PLAINTIFF ISAAC TANNER AND HIS ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN THAT Defendant PODS, Inc. has filed a Notice of Removal of the above-captioned action, a copy of which is attached hereto, with the United States District Court for the Northern District of California.

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(e), the filing of said Notice in the United States District Court, together with the filing of said Notice with this

— 1 —

Notice To Plaintiff Of Removal To Federal Court

DOCSOAK-9865614.1

1 Court, effects the removal of this action, and the above-captioned Court may proceed no further
2 unless and until the case has been remanded.

4 DATED: May 2, 2007

REED SMITH LLP

By _____
Ian P. Fellerman
Attorneys for Defendant
PODS, Inc.