M. VAN SMITH
State Bar No. 32007
1696 Mendenhall Drive
San Jose, California 95130
Telephone (408) 364-1062
Attorney for Plaintiff
ISAAC TANNER

THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC TANNER,<br>        Plaintiff,<br>vs.<br>PODS, INC. a corporation, et al.,<br>        Defendants.<br>_____/ | No. C07-02392 JL<br><br>NOTICE OF MOTION AND MOTION TO REMAND<br><br>Date:  July 11, 2007<br>Time:  9:30 a.m.<br>Courtroom F, 15th Floor<br>Honorable James Larson |

TO: DEFENDANT AND TO ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at the date, time and department specified above, at 450 Golden Gate Ave., San Francisco, California 94612, the motion of Plaintiff Isaac Tanner for an order that the case be remanded will be heard. Plaintiff requests the court to remand the case to the Superior Court.

The motion will be based on the ground that the Notice of Removal of the case to the United States District Court was untimely, being filed more than 30 days from the date that is was ascertainable that the complaint could be removed.

Dated: June 4, 2007

                                                      /s/ M. Van Smith
                                                 M. VAN SMITH
                                                 Attorney for Plaintiff

1

MEMORANDUM

I. STATEMENT OF FACTS

In January 30, 2007, M. Van Smith, counsel for Plaintiff, sent a copy of the summons and complaint to Brian Burks. Mr. Burks was the employee of PODS, Inc. who supervised Plaintiff.

In a letter dated March 1, 2007, Ian P. Fellerman, counsel for Defendant Pods, Inc. wrote a letter to counsel for Plaintiff. Mr. Fellerman stated, "The statements attributed to Mr. Burks in the Complaint are inaccurate and taken out of context." A copy of the letter is attached as Exhibit A to the Declaration of M. Van Smith in Support of Motion for Remand.

The Notice of Remand was filed on May 2, 2007.

II. STATEMENT OF ISSUE

Section 1446(b) of Title 28 requires that a notice of removal be filed within 30 days after receipt by the defendant by service or otherwise a of the initial pleading. Defendant received a copy of the complaint by Notice and Acknowledgment by March 1, 2007. The Notice of Removal was filed on May 2, 2007, more than 30 days after Defendant received a copy of the complaint. The issue is whether the 30 days in which the to file a notice of remand began when Defendant had received a copy of the complaint rather beginning to run when Defendant was served.

III. ARGUMENT

Section 1446 of Title 28, United States Code, governs the procedure for removal of actions to federal court. Section 1446(b) provides in relevant part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever is shorter. If the case stated by the initial pleading is removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other papers from which it may first be ascertained that the case is one which is or has become removable * * *."

Removal is permitted were the basis for federal jurisdiction may be ascertained from the face

of a well-pleaded complaint. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 – 10 (1983).

There is an affirmative burden on the defendant to exercise diligence since the failure to timely recognize a basis for removal may result in loss of that option. See, *e.g.*, *Yankee Bank v. Hanover Square Assoc.* (N.D.N.Y. 1988) 693 F. Supp. 1400, 1410 (noting Congressional intent underlying section 1446(b) that removal be carried out at the earliest possible point and hence the clock begins to run "at such time as the removing party * * * had actual notice of the state proceeding, the nature of it, the issues involved and the parties involved").

Defendant assumed that the complaint had to be formally served before 30-day period for removal began. However, it is not required that the complaint be formally served. *Tech-Hills Assoc. v. Phoenix Home Life Mut. Ins. Co.* (6th Cir, 1993) 5 F.3d 963; *Roe v. O'Donohue* (7th Cir. 1994) 38 F.3d 298, 303-304; *Lofstrom v. Dennis* (N.D. Cal. 1993) 829 F. Supp. 1194, 1197.

A copy of the complaint was received. This was shown by the letter from counsel referring to the allegations of the complaint. If Brian Burks, the addressee of the cover letter, was not authorized to accept service, he was authorized to receive a complaint and counsel was authorized to receive the complaint.

The filing of the petition for removal on May 2, 2007, was untimely.

IV.     ATTORNEY'S FEES

Plaintiff requests attorney's fees pursuant to 28 U.S.C. §§ 1446 and 1447 where an action has been improperly removed to a federal court. The amended version of § 1447© provides in part that: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff requested that Defendant stipulate to a remand before filing this case. The attorney's fees for preparing this motion could have been avoided. In accordance with the Local Rule, Plaintiff has prepared a separate motion.

Dated: June 4, 2007.

_M. Van Smith_
M. VAN SMITH
Attorney for Plaintiff

3

**PLAINTIFF'S MOTION TO REMAND**