M. VAN SMITH
State Bar No. 32007
1696 Mendenhall Drive
San Jose, California 95130
Telephone (408) 364-1062
Attorney for Plaintiff
ISAAC TANNER

THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC TANNER,<br>       **Plaintiff,**<br>vs.<br>PODS, INC. a corporation, et al.,<br>       **Defendants.**<br>_____/ | No. C07-02392 JL<br><br>DECLARATION OF M. VAN SMITH<br>IN SUPPORT OF MOTION TO REMAND<br><br>Date:  July 11, 2007<br>Time: 9:30 a.m.<br>Courtroom F, 15th Floor<br>Honorable James Larson |

   I, M. Van Smith, state:

   1. I am the attonrey for the Plaintiff.

   2. On January 30, 2007, I sent a copy of the complaint in this case to PODS, Inc., to the attention of Brian Burks. I attach a copy of the cover letter as Exhibit A.

   3. I received a letter dated March 1, 2007, from Ian P. Fellerman, a copy of which is attached as Exhibit B. In the letter Mr. Fellerman alluded to the complaint: "The statements attributed to Mr. Burks in the Complaint are inaccurate and taken out of context. * * * As I informed you, Mr. Burks is not authorized to accept service on behalf of PODS, Inc."

   4. Before I prepared this motion, I wrote a letter to Mr. Felleramn in which I suggested that he stipulate to a remand. I attach a copy of the letter as Exhibit C. Mr. Fellerman declined, as stated in the letter attached as Exhibit D.

//

1

DECLARATON IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

I declare under the penalty of perjury under the laws of the United States of American that the foregoing is true of my own knowledge.

Executed at San Jose, Californian on June 4, 2007.

_____
M. VAN SMITH
Attorney for Plaintiff

**DECLARATON IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

# EXHIBIT A

LAW OFFICE
**M. VAN SMITH**
1696 MENDENHALL DRIVE
SAN JOSE, CALIFORNIA 95130
TELEPHONE (408) 364-1062
FACSIMILE (408) 273-6496
E MAIL MVSMITH@SBCGLOBAL.NET

January 30, 2007

Pods, Inc.
Attention: Mr. Brian Burks
3528-1 Arden Rd.
Hayward, California 94545

Re: Tanner v. PODS, Inc., No. RG07308529

Dear Mr. Burks:

    I enclose a copy of the complaint, summons, and duplicates of the Notice and Acknowledgemetn of Receipt.
    If you decide to aacknowldge service, kindly return a signed copy of the Acknowledgement in the enclosed envelope.
    Thank you for your attention to this matter.

Very truly yours,

M. VAN SMITH

mvs:yts

Enclosures

# EXHIBIT B

# ReedSmith

Reed Smith LLP
1999 Harrison Street
Suite 2400
Oakland, CA 94612-3572
510.763.2000
Fax 510.273.8832

Ian P. Fellerman
Direct Phone: 510.466.6885
Email: ifellerman@reedsmith.com

March 1, 2007

**CONFIDENTIAL AND PRIVILEGED SETTLEMENT COMMUNICATION**

M. Van Smith
1696 Mendenhall Drive
San Jose, CA 95130

Re:   Tanner v. PODS, Inc.
      Our File No.: 765408.50001

Dear Mr. Smith:

This letter is intended to follow up on our recent telephone conversation regarding the above-referenced lawsuit. As I informed you in our conversation, Plaintiff's claims of race discrimination and retaliation simply lack merit. In reality, Mr. Tanner was terminated for a legitimate, non-discriminatory reason, i.e., he acted in an unprofessional manner with a customer while making a service call on September 16, 2006. More specifically, Plaintiff was confrontational and aggressive with the customer, and he refused to leave when the customer asked him to do so. *See* Attachment A. According to the Company's policy, of which Plaintiff was aware, such conduct is grounds for immediate termination. *See* Attachment B.

Significantly, this was not the first time that Plaintiff demonstrated such unacceptable behavior. On two prior occasions, Plaintiff had been disciplined for similar conduct; one occasion even resulted in a three-day suspension. *See* Attachment C. In both instances, Plaintiff was warned that similar conduct in the future may result in termination of his employment.

The statements attributed to Mr. Burks in the Complaint are inaccurate and taken out of context. The conversation in question occurred on May 19, 2006 during a counseling/disciplinary meeting relating to one of the incidents set forth in Attachment C. During the counseling session, Plaintiff alleged the customer's account of the reported incident was false and that this was "just another instance of racial discrimination against me" and that "the incidents were all racially motivated by others." Attempting to console an emotional employee, Mr. Burks stated "I cannot imagine what it must be like to face racism at every turn" and "it must seem to you that being Black makes your job more difficult." Neither of these statements shows any bias or racial animus by Mr. Burks; instead, the statements reflect Mr. Burks was trying to demonstrate that he understood Plaintiff's perception of the situation at the time. Indeed, the statistical evidence reflects that Mr. Burks harbors no racial animus. To the contrary, of the seven employees hired by Mr. Burks, three are Black, two are Hispanic, one is Asian, and one is white. It should also be noted that Mr. Burks has not recommended the termination of any Black employee aside from Plaintiff.

M. Van Smith
March 1, 2007
Page 2

**ReedSmith**

### CONFIDENTIAL AND PRIVILEGED SETTLEMENT COMMUNICATION

    As is evident from the foregoing, Plaintiff's claims of race discrimination and retaliation are baseless. During our telephone conversation, you rejected my offer to settle this action for $1,500. I urge you to reconsider your position, since Plaintiff's claims clearly lack merit. Should you insist on proceeding with this matter, please provide me with dates in March and April that Plaintiff is available for his deposition. As I informed you, Mr. Burks is not authorized to accept service on behalf of PODS, Inc. Accordingly, please send me a Notice of Acknowledgement and Receipt for the Summons and Complaint. Thank you for your courtesy and cooperation in this matter.

                                         Very truly yours,

                                         Ian P. Fellerman

IPF:kaj

DOCSOAK-9865629.1

# EXHIBIT C

LAW OFFICE
# M. VAN SMITH
1696 MENDENHALL DRIVE
SAN JOSE, CALIFORNIA 95130
TELEPHONE (408) 364-1062
FACSIMILE (408) 273-6496
E MAIL MVSMITH@SBCGLOBAL.NET

April 10, 2007

Ian P. Fellerman, Esq.
Reed Smith
1999 Harrison Street
Suite 2400
Oakland, Cal 94612-3572

Re: Tanner v. PODS, Inc., No. C07-02392 JL

Dear Mr. Fellerman:

    Section 1446 of Title 28, United States Code, governs the procedure for removal of actions to federal court. Section 1446(b) provides in relevant part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based * * *." [Italics added.]

    On January 30, 2007, I sent a copy of the summons and complaint to Brian Burks. Mr. Burks is the employee of PODS, Inc. who supervised Plaintiff. On March 1, 2007, you wrote to me a letter stating, "The statements attributed to Mr. Burks in the Complaint are inaccurate and taken out of context."

    It appears that the defendant received the complaint by March 1, 2007. Therefore, the Defendant had 30 days from March 1, 2007 to file a petition for removal. It was not required, as assumed in the petition for removal, that the complaint be formally served. *Tech-Hills Assoc. v. Phoenix Home Life Mut. Ins. Co.* (6th Cir, 1993) 5 F.3d 963; *Roe v. O'Donohue* (7th Cir. 1994) 38 F.3d 298, 303-304; *Lofstrom v. Dennis* (N.D. Cal. 1993) 829 F. Supp. 1194, 1197. The filing of the petition for removal on May 2, 2007, was untimely.

    I want to determine if you will stipulate to the case being remanded rather than Plaintiff file a motion to remand. I look forward to hearing from you by next week, as there is a time limit on motions to remand.

                                                           Very truly yours,

mvs:yts                                                   M. VAN SMITH

# EXHIBIT D

# ReedSmith

Reed Smith LLP
1999 Harrison Street
Suite 2400
Oakland, CA 94612-3572
+1 510 763 2000
Fax +1 510 273 8832

**Ian P. Fellerman**
Direct Phone: 510.466.6885
Email: ifellerman@reedsmith.com

May 15, 2007

M. Van Smith
1696 Mendenhall Drive
San Jose, CA 95130

     Re:   Tanner v. PODS, Inc.
            <u>Our File No.: 765408.50001</u>

Dear Mr. Smith:

     This is in response to your letter dated May 8, 2007. Defendant's Notice of Removal was timely, since the time for removal is triggered by the date of formal service of process; receipt by other means is insufficient. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 354, 119 S.Ct. 1322, 1329. While you mailed a Notice and Acknowledgment of Receipt form to Mr. Burks, he did not sign the Notice and he is not authorized to accept service on behalf of PODS, Inc. Service of process was not effectuated until I signed the Notice and Acknowledgment of Receipt. Since I signed the Notice and Acknowledgement of Receipt on April 12, 2007, the May 2, 2007 Notice of Removal was timely.

                                    Very truly yours,

                                      Ian P. Fellerman

IPF:kaj

DOCSOAK-9873182.1

NEW YORK ♦ LONDON ♦ CHICAGO ♦ PARIS ♦ LOS ANGELES ♦ WASHINGTON, D.C. ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND

MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

reedsmith.com