Ian P. Fellerman (SBN 119725)
Email: ifellerman@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:   510.763.2000
Facsimile:    510.273.8832

Attorneys for Defendant
PODS, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC TANNER,<br><br>            Plaintiff,<br><br>     vs.<br><br>PODS, INC., et al.,<br><br>            Defendants. | Case No. C07-02392 JL<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:         July 11, 2007<br>Time:        9:30 a.m.<br>Courtroom:  F, 15th Floor<br><br>Hon. James Larson |

# I

## ISSUES PRESENTED

1.  Was Defendant's Notice of Removal timely where it was filed within 30 days after formal service of the Summons and Complaint?

2.  Was Plaintiff's Motion to Remand timely where it was filed more than 30 days after the Notice of Removal was filed?

## II

## STATEMENT OF FACTS

This is a wrongful termination action. On January 30, 2007, Plaintiff's counsel mailed a copy of the Summons and Complaint to Brian Burks, together with a Notice and Acknowledgment of Receipt. (Smith Dec., ¶ 2 and Exh. A.) Mr. Burks, who is not an employee of PODS, Inc., was not authorized to accept service of the Summons and Complaint. (Burks Dec., ¶ 2.) Accordingly, Mr. Burks did not sign the Notice and Acknowledgement of Receipt. (*Id.*) On March 1, 2007, Defendant's counsel informed Plaintiff's counsel that Mr. Burks is not authorized to accept service of the Summons and Complaint. (Smith Dec., ¶ 3 and Exh. B.) Accordingly, Defendant's counsel asked Plaintiff's counsel to send him a Notice and Acknowledgment of Receipt of the Summons and Complaint. (*Id.*) On April 10, 2007, Plaintiff's counsel sent the Notice and Acknowledgment of Receipt to Defendant's counsel. (Fellerman Dec., ¶ 2 and Exh. 1.) Defendant's counsel signed the Notice and Acknowledgement of Receipt on April 12, 2007. (*Id.*) On May 2, 2007, Defendant filed a Notice of Removal of this action to federal court based on diversity jurisdiction. On June 4, 2007, Plaintiff filed the pending motion to remand, contending that the Notice of Removal was untimely. As will be shown below, Plaintiff's contention lacks merit.

## III

## DISCUSSION

**A.    Defendant's Notice Of Removal Was Timely.**

A defendant's time for removal is triggered by the date of formal service of process of the Summons and Complaint; receipt by any other means is insufficient. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 354, 119 S. Ct. 1322, 1329 (faxing copy of the Complaint to the defendant did not trigger the removal period). Given that Plaintiff's Summons and Complaint were not formally served until <u>April 12, 2007</u> — the date defense counsel signed

the Notice and Acknowledgment of Receipt — Defendant's <u>May 2, 2007</u> Notice of Removal was timely. *Murphy Bros, supra*. The authority cited by Plaintiff is inapplicable because it predates the Supreme Court's holding in *Murphy Bros.* that the time for removal is triggered by the date of formal service of process. Since Defendant's Notice of Removal was filed within 30 days after defense counsel signed the Notice and Acknowledgment of Receipt, the Notice of Removal was timely. *Id.* Accordingly, Plaintiff's motion to remand should be denied.

**B.   Plaintiff's Motion to Remand Was Untimely.**

Even if Defendant's Notice of Removal had been filed late, the pending motion to remand should still be denied because it is untimely. A motion to remand must be filed within 30 days after the Notice of Removal is filed. 28 U.S.C. section 1447(c); and *Northern Calif. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.* (9th Cir. 1995) 69 F.3d 1034, 1038. Significantly, the time to file a remand motion runs from the date the Notice of Removal is filed, not from the date it is served. *Pavone v. Mississippi Riverboat Amusement Corp.* (5th Cir. 1995) 52 F.3d 560, 566. In this case, Defendant's Notice of Removal was filed on May 2, 2007. Since Plaintiff's motion to remand was not filed until June 4, 2007 (i.e. 33 days later), it was untimely and should be denied.

## IV

## CONCLUSION

Based on the foregoing, Defendant PODS, Inc. respectfully requests that Plaintiff's motion to remand be denied.

DATED: June 18, 2007          REED SMITH LLP

                              By_____
                                 Ian P. Fellerman
                                 Attorneys for Defendant
                                 PODS, Inc.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612-3572. On June 19, 2007, I served the following document(s) by the method indicated below:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California, addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

M. Van Smith
1696 Mendenhall Drive
San Jose, CA 95130
(408) 364-1062 (T)
(408) 273-6496 (F)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 19, 2007, at Oakland, California.

_____
Kathy Jenkins